Filed 7/22/14  P. v. Perryman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060042 |
| v. | (Super.Ct.No. FSB1205062) |
| AL LUPE PERRYMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Al Lupe Perryman pled no contest to attempted robbery (Pen. Code, §§ 664/211).[1]  He also

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

1

admitted to committing the crime for the benefit and in association with a criminal street gang (§ 186.22, subd. (b)(1)(B)) and having previously suffered a serious felony (§ 667, subd. (a)(1)). In return, the remaining charges and enhancement allegations were dismissed and defendant was sentenced to a stipulated term of 12 years in state prison with credit for time served. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea as well as other basis. We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 26, 2012, defendant entered a sandwich restaurant and ordered a sandwich. He then displayed a small handgun, pointed it over the counter in the direction of the employee who was making the sandwich, and stated, "'Do me a favor, open the register.'" The employee turned and ran out the rear door of the store. The employee then called the police from the business next door. The employee identified defendant as the suspect from a photographic lineup.

Defendant was apprehended, and on November 13, 2012, a two-count felony complaint was filed against defendant. The complaint alleged that defendant committed an attempted second degree robbery (§§ 664/211; count 1) and street terrorism (§ 186.22, subd. (a); count 2). The complaint further alleged that as to count 1, defendant personally used a firearm within the meaning of section 12022.53, subdivision (b). The complaint

---

[2] The factual background is taken from the San Bernardino police report.

2

also alleged that defendant had suffered a prior serious felony (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d)).

On September 19, 2013, the trial court granted the People's motion to amend the complaint by interlineations to add a gang enhancement pursuant to section 186.22, subdivision (b)(1)(B), as to count 1. Thereafter, on that same day, defendant entered into a negotiated plea. Defendant pled no contest to attempted robbery (§ 664/211); and admitted the gang enhancement (§ 186.22, subd. (b)(1)(B)) attached to count 1. He also admitted to having previously suffered a serious felony (§ 667, subd. (a)(1)). In return, the remaining charges and enhancement allegations would be dismissed and defendant would be sentenced to a stipulated term of 12 years in state prison with credit of 672 (336 actual days plus 336 conduct credits) days for time served. After examining defendant, the trial court found that defendant knowingly, intelligently, freely, and voluntarily waived his rights; that defendant read and understood the plea form, the nature of the charges, and the consequences of the plea; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for his plea. Defendant was thereafter immediately sentenced in accordance with his plea agreement and awarded a total of 672 days credit for time served. The court's minute order and the abstract of judgment note conduct credits pursuant to section 4019.

On November 6, 2013, defendant filed a notice of appeal, challenging the sentence or other matters occurring after the plea as well as other basis. He also concurrently filed a request for certificate of probable cause explaining that he had "signed a deal for 12

3

years with half time under the 'new 4019,'" but because he had been validated as a gang member pursuant to section 2933.6,[3] the Department of Corrections and Rehabilitation found him ineligible to receive good time credits and "must serve 100 percent of [his] term." Defendant therefore requested "remodification" of his sentence down to six years. The defendant had also attached to his request a Declaration in Support of Request to Recall Sentence pursuant to section 1170, subdivision (d), based on the same grounds.

Defendant's request for a certificate of probable cause was denied by the court on November 7, 2013.[4]

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

---

[3] Effective January 25, 2010, section 2933.6, subdivision (a), regarding sentence reduction conduct credits, was amended to read: "Notwithstanding any other law, a person who is placed in a Security Housing Unit . . . *upon validation as a prison gang member or associate is ineligible to earn* [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, . . ." (§ 2933.6, subd. (a), as amended by Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 44, italics added; see *In re Sampson* (2011) 197 Cal.App.4th 1234, 1240 [prospective application of amendment does not violate prohibition against ex post facto laws]; *In re Efstathiou* (2011) 200 Cal.App.4th 725, 731-734 [prospective application of amendment does not violate procedural due process].)

[4] The court did not expressly deny his petition to recall his sentence, but implicitly denied the petition since it was submitted together with his request for a certificate of probable cause based on the same grounds.

4

the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record. We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

McKINSTER
J.

5